[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION IN LIMINE CONCERNING TESTIMONY ON SUBJECTS NOT ANSWERED ON GROUNDS OF PRIVILEGE AT DEPOSITION OF DEFENDANT LIGUORI
The plaintiff, Anthony DeLeon, Jr., seeks an order precluding defendant Attorney Robert Liguori from testifying at trial on various issues about which he refused to answer questions at his deposition on the ground that they related to communications about which his client, Anthony Fonda, was asserting the attorney-client privilege. The plaintiff asserts that a witness who has refused to submit to discovery of particular information upon the invocation of a privilege may not testify on the allegedly privileged material at trial. Defendant Liguori takes the position that this course of action is permitted, and that the plaintiff's only recourse is to obtain a determination whether the refusal to answer at the deposition was justified under the standards concerning the attorney-client privilege and an attorney's ethical responsibility to preserve confidentiality on behalf of a client.
At a deposition of Attorney Liguori on October 4, and December 14, 1999, the plaintiff, by counsel, asked this defendant about conversations he had with defendant Fonda concerning the sale of assets held by a CT Page 6961 partnership, which allegedly included the plaintiff, Fonda, and Liguori, to another partnership which the plaintiff alleges that Fonda and Liguori joined without advising him. When these questions were asked, counsel for defendant Fonda stated that his client would assert that the communications were subject to the attorney-client privilege, and counsel for Attorney Liguori then instructed Attorney Liguori not to answer. Plaintiff's counsel arranged for a conference call with the court, who suggested that he complete the deposition to make a record of all the questions for which the privilege was being asserted and then pursue any claims on the issue on the basis of the transcript of the deposition. A transcript of the conference call was made by the court reporter at the deposition, who uniformly has rendered the word "invocation" as "indication," when the subject at issue was clearly the invocation of a privilege.
Are the sanctions sought authorized and appropriate?
Pursuant to Practice Book § 13-2, a party "may obtain . . . discovery of information . . . material to the subject matter involved in the pending action, which are not privileged." A party whose pursuit of information in discovery is blocked by an assertion of privilege has the option of seeking an order of compliance pursuant to Practice Book §13-14 if he or she believes that the invocation of the privilege is baseless and that discovery should be had on the issue. The plaintiff does not, however, seek sanctions on the basis that Attorney Liguori refused to answer questions when no privilege justified the refusal. Instead, the plaintiff asserts that where a privilege has been asserted, the party conducting the discovery is entitled to an order protecting him from a later abandonment of the claim of privilege at trial, a maneuver that would allow the party asserting the privilege to thwart the plaintiff's entitlement to discovery.
Construing Practice Book § 231, the precursor to § 13-14, the Connecticut Supreme Court ruled in Pavlinko v. Yale-New Haven Hospital,192 Conn. 138, 144-45 (1984), that if a party invokes a claim of privilege at a deposition without first obtaining a protective order limiting the scope of the discovery, the court may apply appropriate sanctions to avoid prejudice to the opponent at the time of trial. InPavlinko, the plaintiff refused to answer questions at his deposition on grounds of his Fifth Amendment privilege against self-incrimination. The Supreme Court upheld the sanction of dismissing the suit, on the ground that "[i]n the event of a party's failure to answer any or all questions at a deposition the court may make such order as the ends of justice may require," including, but not limited to the various sanctions listed in Practice Book § 231, Pavlinko v. Yale-New Haven Hospital, supra,192 Conn. 144. See also Miller v. Quinn, 1994 WL 730350 (Conn.Super. CT Page 6962 1994) (Hodgson, J.) (defendant who invoked the Fifth Amendment at his deposition barred from testifying at trial on matters for which the privilege was invoked at the deposition.)
Defendant Liguori argues that the plaintiff may not seek protection from a later change in position concerning a privilege unless he first seeks an adjudication of the validity of the assertion of the privilege. As the Supreme Court observed in Pavlinko, supra, the burden of establishing a right not to answer a question because of a privilege is on the party asserting the right:
 The giving of the notice prescribed by § 244 [now § 13-26], unless modified by the court, constitutes an order to the deponent to appear at the time and place designated in the notice and to submit to examination and cross examination, as permitted at trial. Practice Book § 247. All questions, including those objected to, are to be answered; Practice Book § 247(b); unless the objecting party procures from the court a protective order precluding or limiting the scope or disclosure of discovery. Practice Book § 221.
Pavlinko v. Yale-New Haven Hospital, supra, 192 Conn. 143.
A party need not show that it has exhausted all available procedural remedies to compel the production of information as a condition for the trial court, in the exercise of its discretion, to exclude the introduction of such information at trial. River Dock Pile, Inc. v. O G Industries, Inc., 219 Conn. 787, 804 n. 18 (1991).
The fact that a privilege is validly asserted at a deposition does not foreclose an opposing party from seeing orders to protect him from the disadvantage caused by the invocation of the privilege. In Pavlinko, the Supreme Court did not suggest that the plaintiff was not entitled to refuse to testify pursuant to the Fifth Amendment. Its focus was on the need to avoid unfairness to the opponent, who had thereby been deprived of the opportunity to conduct discovery:
 The plaintiff contends that he had a right to assert his privilege against self-incrimination. Granted. The critical question, however, is whether such assertion can be advanced eat the expense of an opposing party in a civil action.
Pavlinko v. Yale-New Haven Hospital, supra, 192 Conn. 146. CT Page 6963
The Court suggested in Pavlinko v. Yale-New Haven Hospital, supra,192 Conn. 145, that the choice of sanctions to be applied depends on whether the deponent "is inclined to change his position" with regard to the assertion of the privilege in response to questions posed in discovery. The clear message of Pavlinko is, however, that a change of position should not be at the expense of the opponent.
Conclusion
For the reasons set forth above, this court rules that if Defendant Liguori concludes, after consultation with the client(s) on whose behalf he declined to answer questions on the basis of the attorney-client privilege, that he will testify at trial on the subject matter of the questions he failed to answer at his deposition, he should notify plaintiff's counsel of that fact by June 15, 2000, and submit to a deposition on these questions at a location in Connecticut specified by plaintiff's counsel by June 29, 2000. Since the trial of this case is scheduled to begin on July 17, 2000, no extensions of these time limits will be granted to the defendant, as a later deposition would impose an unfair burden on the plaintiff (If the plaintiff desires to take the deposition after June 29, 2000, however, he may do so, since the earlier date is meant to facilitate, not burden, his trial preparation.) Defendant Liguori shall bear all costs of any such resumed deposition, including the counsel fees incurred by the plaintiff in conducting it.
If defendant Liguori does not answer the questions at issue at a resumed deposition conducted in accordance with the conditions set forth above, he is precluded from testifying at trial concerning any of the subject matter about which he refused to testify at his deposition in 1999.
Beverly J. Hodgson Judge of the Superior Court